UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**PERCY KEPFER, on behalf of himself and those similarly situated,**

       **Plaintiff,**

vs.

**LAWNWOOD MEDICAL CENTER, INC., a Florida Profit Corporation, d/b/a Lawnwood Regional Medical Center and HCA HEALTH SERVICES OF FLORIDA, INC., a Florida Profit Corporation, d/b/a Lawnwood Regional Medical Center**

       **Defendant.**        /

**CASE NO.:**

**COLLECTIVE ACTION ALLEGATIONS**

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, PERCY KEPFER ("Plaintiff"), on behalf of himself and those similarly situated ("Plaintiffs"), through undersigned counsel, files this Complaint against Defendant, Lawnwood Medical Center, Inc., a Florida Profit Corporation, d/b/a Lawnwood Regional Medical Center (hereinafter referred to as "LMC"), and HCA HEALTH SERVICES OF FLORIDA, INC. a Florida Profit Corporation, d/b/a Lawnwood Regional Medical Center (hereinafter referred to as "HCA"), (collectively referred to herein as "Lawnwood RMC") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C.

§1331 as these claims arise under 29 U.S.C. §216(b), 29 U.S.C. §215(a) and 28 U.S.C. §§ 2201-2202.

3. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as his overtime claims.

**PARTIES**

4. At all times material to this action, Plaintiff was, and continues to be a resident of St. Lucie County, Florida.

5. At all times material to this action, HCA was, and continues to be a Florida Profit Corporation. Further, at all times material to this action, HCA was, and continues to be, engaged in business in Florida.

6. At all times material to this action, LMC was, and continues to be a Florida Profit Corporation. Further, at all times material to this action, LMC was, and continues to be, engaged in business in Florida.

7. At all times material to this action, HCA and LMC operated, and operate, Lawnwood Regional Medical Center in St. Lucie County, Florida.

8. At all times material to this action, HCA and LMC shared a principal address at One Park Plaza, Nashville, Tennessee.

9. At all times material to this action, HCA and LMC shared officers and directors, including Samuel Hazen, Christopher F. Wyatt, John M. Franck II, Natalie H. Kline, William B. Morrow, and Ronald L. Grubbs, Jr.

10. At all times material to this action, the website for Lawnwood Regional Medical

Center, at https://lawnwoodmed.com/ is owned by HCA.

11. On the Lawnwood Regional Medical Center website, the HCA nondiscrimination policies are linked to each page.

12. The employee page of the Lawnwood Regional Medical Center website, located at https://lawnwoodmed.com/professionals/employees/, contains several references to HCA, including:

Good Government

The Good Government Group is a grassroots employee organization, made up of HCA staff throughout Florida and we welcome the participation of our friends, family, physicians and volunteers in helping to improve healthcare in Florida. GGG provides a unique way for all our staff to become informed, involved, and politically active.

HCA Hope Fund

The HCA Hope Fund is an employee-run, employee-supported 501(c)3 charity. The goal of the HCA Hope Fund is simple: to help HCA employees and their immediate families who are affected by hardship. This includes disasters, extended illness/injury and other special situations. The fund provides emergency information, referrals and/or financial aid. HCA employees, vendors, affiliated physicians and the general public can make tax-deductible donations to the fund.
www.hcahopefund.org

13. HCA's website contains links to jobs at Lawnwood Regional Medical Center, at https://careers.hcahealthcare.com/pages/lawnwood-regional-medical-center.

14. The description of Lawnwood Regional Medical Center found at that site states:

Care Like Family

We are proud to be a part of HCA Healthcare East Florida Division. We make up the largest health system from the Treasure Coast to Miami Dade County encompassing 14 hospitals and more than 18,000 colleagues… and being bigger isn't our goal. Being better is. Here you'll find a commitment to your success as a person as well as a professional. We offer more to our family

> of colleagues and support them in advancing across our robust network of facilities. We nurture our team through education, professional development, and pathways for personal and professional growth. Join us and build your career on a team that cares like family for both our patients and our people.

15. Upon information and belief, HCA and LMC jointly controlled, and control, the operations of Lawnwood Regional Medical Center.

16. Upon information and belief, the activities of HCA and LMC with respect to Lawnwood Regional Medical Center are related to each other, are performed under a unified operation or common control, and are performed for a common business purpose.

17. As such, HCA and LMC constitute a joint enterprise under the FLSA.

18. Upon information and belief, HCA and LMC retained equal control over: (1) hiring and firing of employees of Lawnwood Regional Medical Center; (2) supervising and controlling employees' work schedules and conditions of employment at Lawnwood Regional Medical Center; (3) determining employees' rates of pay and methods of payment for employees of Lawnwood Regional Medical Center; and (4) maintaining employee employment records for employees of Lawnwood Regional Medical Center.

19. At all times material to this action, Plaintiff was engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for such commerce by any person within the meaning of §7 of the FLSA.

20. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

21. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

22. Defendants were, and continue to be, "employers" within the meaning of the

FLSA.

23. At all times material to this action, Lawnwood RMC was, and continues to be, an "enterprise engaged the handling, selling, or otherwise working on goods or materials that have been moved in or produced for such commerce by any person" within the meaning of the FLSA.

24. Based upon information and belief, the annual gross revenue of Defendant HCA were in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

25. Based upon information and belief, the annual gross revenue of Defendant LMC was in excess of $500,000 per annum during the three years preceding the date this Complaint is filed.

26. Based upon information and belief, the annual gross revenue of Lawnwood RMC was in excess of $500,000 per annum during the three years preceding the date this Complaint is filed.

27. The facility in which Plaintiff, and those similarly situated, worked is a hospital.

28. At all times material hereto, the work performed by the Plaintiff and those similarly situated was directly essential to the business of Lawnwood RMC.

## STATEMENT OF FACTS

29. In or around July 1987, Lawnwood RMC hired Plaintiff to work as a non-exempt, hourly-paid employee providing direct care to patients.

30. Plaintiff's job duties included, but were not limited to, monitoring and documenting patient care, escorting patients, and assisting in patient assessment.

31. At various times material hereto, Plaintiff worked for Lawnwood RMC in excess

of forty (40) hours within a workweek.

32.     From at least February 2019, and continuing through April 2020, Lawnwood RMC failed to compensate Plaintiff and other hourly-paid employees providing direct care to patients, specifically, mental health technicians and registered nurses (hereafter "those similarly situated" or the "Putative Collective"), at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek as a result of Lawnwood RMC's policies and practices pursuant to which Plaintiff and the Putative Collective (1) were required to manually delete hours over forty worked from Lawnwood RMC's records, such that they were not paid for same; and (2) were sometimes required to come in to delete hours on their days off, for which time Lawnwood RMC had a policy and practice of not compensating Plaintiff and those similarly situated.

33.     Thus, Lawnwood RMC mandated that Plaintiff and the Putative Collective delete overtime hours that they worked, and refused to pay Plaintiff and the Putative Collective for hours during which they were required to come in on their days off to delete their time.

34.     Plaintiff's Director of Nursing Michelle Felix, required Plaintiff and members of the Putative Collective to manually complete time clock correction forms which resulted in the deletion of overtime hours worked.

35.     In October 2019, Plaintiff reported the issue of time deletion to Human Resources. He informed Human Resources that he was being required to falsify his pay and time records.

36.     Plaintiff was told that he should not comply with a directive to falsify his time.

37.     From October 2019 to April 2020, Plaintiff was not required to manually delete his time.

38. On April 19, 2020, Plaintiff was required to stay fifteen minutes of overtime beyond his scheduled shift in order to complete required work.

39. On April 20, 2020, Plaintiff was directed to come in to work on his day off to complete a time clock correction form to remove the overtime worked past his scheduled shift.

40. Despite explaining that he had done the work, and thus the time should be paid, Plaintiff was told, in writing, that the time would not be approved and that he was required to delete the extra time he had worked, all of which was overtime. *See attached Exhibits A and B*.

41. Plaintiff did not comply with Lawnwood RMC's request to falsify his time.

42. Just eight days later, on April 28, 2020, Lawnwood RMC terminated Plaintiff, claiming that the reason was "insubordination."

43. Plaintiff was terminated because he refused to delete overtime hours that he worked, and acquiesce to Lawnwood RMC's demand that he forego payment for his overtime hours owed under the FLSA.

44. Plaintiff and the Putative Collective should be compensated at the rate of one and one-half times their regular rate for those hours that worked in excess of forty (40) hours per workweek, as required by the FLSA.

45. The Putative Collective, members of which may become opt-in plaintiffs in this action, also worked as hourly-paid direct patient care employees, and worked in excess of forty (40) hours during one or more workweeks during the relevant time periods, but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours in a workweek as a result of Lawnwood RMC's policies and practices pursuant to which hourly-paid direct patient care employees: (1) were required to manually delete hours, including overtime hours; and (2) were required to come to work to complete manual deletions on their

days off, without being compensated for such time.

46. In addition, pursuant to the same policies and practices described above, Plaintiff, and those similarly situated, performed hours of work for Lawnwood RMC for which they were not compensated, but in some workweeks did not constitute overtime hours.

47. Lawnwood RMC knew that Plaintiff, and those similarly situated, performed hours of work for Lawnwood RMC for which they were not compensated.

48. Lawnwood RMC retained the benefit of that work, without compensating Plaintiff, and those similarly situated, for the work performed.

49. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Lawnwood RMC.

50. Lawnwood RMC has violated Title 29 U.S.C. §207 from at least February 2019 continuing through at least April 2020, in that:

   a. Plaintiff and the Putative Collective worked in excess of forty (40) hours in one or more workweeks for the period of employment with Lawnwood RMC;

   b. No payments or provisions for payment have been made by Lawnwood RMC to properly compensate Plaintiff and the Putative Collective at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

   c. Lawnwood RMC has failed to maintain proper time records as mandated by the FLSA because they required Plaintiff and the Putative Collective to alter their time records improperly, and did not track or pay time spent

coming to work on days off to complete required manual alterations to time records.

51. Lawnwood RMC's failure and/or refusal to properly compensate Plaintiff and the Putative Collective at the rates and amounts required by the FLSA was willful, as Lawnwood RMC had specific knowledge of the hours worked, and that overtime would be owed if the hours were paid, but instead chose not to pay the hours at issue.

## COUNT I
## FLSA - RECOVERY OF OVERTIME COMPENSATION
*Plaintiff for himself and on behalf of others similarly situated*

52. Plaintiff re-alleges paragraphs 1 through 51 of the Complaint, as if fully set forth herein.

53. From at least February 2019, and continuing through April 2020, Plaintiff, and those similarly situated, worked in excess of forty (40) hours in several workweeks for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay, as a result of Lawnwood RMC's policies and practices as described herein.

54. Plaintiff and those similarly situated were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

55. At all times material hereto, Lawnwood RMC failed, to maintain proper time records as mandated by the FLSA.

56. Lawnwood RMC's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and those similarly situated at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such

was, and is, due.

57. Lawnwood RMC failed to properly disclose or apprise Plaintiff and the Putative Collective of their rights under the FLSA.

58. Due to the intentional, willful, and unlawful acts of Lawnwood RMC, Plaintiff and the Putative Collective suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

59. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

60. At all times material hereto, Lawnwood RMC failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to Plaintiff and the Putative Collective, as accurate time records were not maintained due to the policies and practices described herein.

WHEREFORE, Plaintiff, for himself and on behalf of those similarly situated, requests a judgment entered in his favor and against Defendant for actual and liquidated damages; a declaration that Defendant's conduct violated the FLSA; an order conditionally certifying this action as a collective action, and authorizing Notice to issue to those similarly situated, informing them of their right to join this litigation; a service award for those acts he performs in service of securing relief not only for himself, but on behalf of the Putative Collective;  as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### COUNT II
### UNJUST ENRICHMENT
*Plaintiff for himself and on behalf of others similarly situated who join in this action*

61. Plaintiff realleges and incorporates paragraphs 1 through 51 of the Complaint as if fully set forth herein.

62. In addition to the overtime hours over forty (40) per week discussed in Count I of the Complaint, Plaintiff, and others similarly situated, performed work for Lawnwood RMC for which they were not compensated, but which were not hours in excess of forty (40) per week, as a result of Lawnwood RMC's policies and practices described herein.

63. Lawnwood RMC knowingly accepted the performance of, and retained the benefit of, the work for certain hours up to forty per week performed by Plaintiff and those similarly situated as a result of Lawnwood RMC's policies and practices described herein.

64. It would be inequitable to allow Lawnwood RMC to retain the benefit of this work without paying Plaintiff, and those similarly situated, the wages owed for same.

WHEREFORE, Plaintiff requests a judgment entered in his favor for himself and on behalf of other similarly situated individuals who opt-in to this case and against Lawnwood RMC for actual and compensatory damages, and/or restitution, as well as costs, expenses and attorneys' fees pursuant to Florida § 448.08 and such other relief deemed proper by this Court.

**COUNT III**
**WRONGFUL ENRICHMENT**
**(in the alternative)**
*Plaintiff for himself and on behalf of others similarly situated who join in this action*

65. Plaintiff realleges and incorporates paragraphs 1 through 51 of the Complaint as if fully set forth herein.

66. In addition to the overtime hours over forty (40) per week discussed in Count I of the Complaint, Plaintiff, and others similarly situated, performed additional hours of work for Lawnwood RMC for which they were not compensated, which were not hours in excess of forty (40) per week as a result of Lawnwood RMC's policies and practices described herein.

67. Lawnwood RMC knowingly accepted the performance of, and retained the benefit of, the work for certain hours up to forty per week performed by Plaintiff and those similarly situated as a result of Lawnwood RMC's policies and practices described herein.

68. Lawnwood RMC wrongfully retained the wages owed to Plaintiff and those similarly situated for work performed for hours not exceeding forty hours in a workweek.

69. It would be inequitable to allow Lawnwood RMC to retain the benefit of this work without paying Plaintiff, and those similarly situated, the wages owed for same.

70. Plaintiff files this claim in an abundance of caution, and in order to avoid unnecessary motion practice, although under Florida law, as the Middle District has recognized, there is no distinction between a claim for "unjust enrichment" and "wrongful enrichment." *State Farm Fire & Cas. Co. v. Silver Star Health and Rehab Inc.*, No. 6:10–cv–1103–Orl–31GJK, 2011 WL 6338496, at *6 (M.D. Fla. Dec. 19, 2011) (PRESNELL J.). As Judge Presnell noted:

> Several federal courts have drawn a distinction between "unjust enrichment" and "wrongful enrichment." These courts have reasoned that wrongful conduct which results in "enrichment" creates a cause of action in tort for the wrong committed, e.g., fraud, civil conspiracy, conversion. Unjust enrichment claims, however, are concerned solely with enrichments that are unjust independent of any wrong. According to this line of cases, when a claim for unjust enrichment is based solely on wrongful conduct, it must be dismissed in favor of a properly pled claim in tort. *See, e.g., Guyana Tel. & Tel. Co. v. Melbourne Intern. Comm'ns, Ltd.,* 329 F.3d 1241, 1245 n. 3 (11th Cir.2003).
>
> [The Lawnwood RMC] points out that this line of cases, although purportedly based on Florida law, is grounded instead on a single law review article that makes no mention of Florida law. *See Guyana,* 329 F.3d at 1245 n. 3 (citing *Unjust Enrichment and Wrongful Enrichment,* 79 TEXAS L.REV. 1767, 1783 (2001)); *Flint v. ABB, Inc.,* 337 F.3d 1326, 1331 n. 2 (11th Cir. 2003) ((citing *Unjust Enrichment and Wrongful Enrichment,* 79 TEXAS L .REV. 1767, 1783 (2001)); *State of Florida v. Tenet Healthcare Corp.,* 420 F.Supp.2d 1288, 1308 (S.D.Fla.2005) (citing *Guyana* and *Flint* ); *Group Assets, LLC v. Fortress*

*Investment Grp.,* 2010 WL 2951508 at *4 (M.D. Fla. 2010) (citing *Guyana, Flint,* and *Tenet Healthcare* ).

Indeed, it appears that no Florida court has ever made this distinction. *See, e.g., Golden v. Woodward,* 15 So.3d 664, 669 (Fla. 1st DCA 2009) ("An action for 'unjust enrichment' exists to prevent the wrongful retention of a benefit, or the retention of money or property of another, in violation of good conscience and fundamental principles of justice or equity." (quoting *Henry M. Butler, Inc. v. Trizec Prop., Inc.,* 524 So.2d 710, 711 (Fla. 2d DCA 1988)); *see also Physicians Injury Care Center,* 427 Fed. App'x 714 (upholding a jury verdict on an unjust enrichment claim for fraudulent submission of PIP claims based on a "sham course of treatment"). In the absence of any Florida law on the issue, the Court declines to make such a distinction.

WHEREFORE, Plaintiff requests a judgment entered in his favor for himself and on behalf of other similarly situated individuals who opt-in to this case and against Lawnwood RMC for actual and compensatory damages, and/or restitution, as well as costs, expenses and attorneys' fees pursuant to Florida § 448.08 and such other relief deemed proper by this Court.

## COUNT IV
## RETALIATION IN VIOLATION OF §215(a)(3)
*Plaintiff for himself*

71. Plaintiff realleges and incorporates paragraphs 1 through 51 of the Complaint as if fully set forth herein.

72. On April 20, 2020, Lawnwood RMC requested Plaintiff to come in on his day off to complete the time clock correction form to remove 15 minutes of overtime incurred when he worked past his scheduled shift.

73. Plaintiff explained that he had worked the time, but was advised that the time would not be approved, and must be deleted.

74. Plaintiff did not comply with the request to falsify his time.

75. On April 28, 2020, Lawnwood RMC terminated Plaintiff for refusing to falsify his time.

76. Lawnwood RMC has discriminated and retaliated against Plaintiff because he would not comply with Lawnwood RMC's demands to delete overtime hours worked, in violation of 29 U.S.C. §215(a)(3).

77. As a direct and proximate result of Lawnwood RMC's unlawful conduct, Plaintiff has been damaged.

78. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff seeks a judgment for Plaintiff and against Lawnwood RMC for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 3rd day of July, 2020.

Respectfully submitted,

ANGELI MURTHY, ESQ., B.C.S.
Florida Bar No. 088758
MORGAN & MORGAN, P.A.
8151 Peters Road, Ste. 4000
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile:  (954) 333-3515
E-mail: Amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

# EXHIBIT "A"

**Michelle**

Mon, Apr 20, 1:03 PM

Ok thanx

Was late punching out yesterday. Was on 1 to 1 and did not get relieved in a timely manner. Still had to finish up a couple things since we lost our sitter.

Can not approve that

Ok

# EXHIBIT "B"



**Vickey**

Mon, Apr 20, 12:58 PM

> Hi, it's Vickey. On Sunday you clocked out 15 minutes late which was not pre approved. Please come in before 5pm to complete a time clock Correction. If the overage was approved by Michelle or Jean please let me know who approved so I can follow up with them.

Please ask was on

   



**Vickey** >

> Please ask was on one to one we were short and did not get relieved on time

Would have to have been pre approved, they won't approve now. Will need a time clock Correction. Sorry

> Who asked you to have me do the correction?

Jean

