UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 2:20-cv-14222 AMC

PERCY KEPFER, *on behalf of himself
and those similarly situated*,

      Plaintiff,

v.

LAWNWOOD MEDICAL CENTER, INC., a
Florida for Profit Corporation d/b/a Lawnwood
Regional Medical Center,

      Defendant.           /

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE OF COUNT I

COME NOW, the parties hereto, Plaintiff, **PERCY KEPFER** (hereinafter referred to as "Plaintiff"), and Defendant **LAWNWOOD MEDICAL CENTER, INC**., (hereinafter referred to as "Defendant"), hereby give notice to the Court that they have reached a settlement in the above-styled case brought by Plaintiff, and jointly move for approval of the Settlement Agreement and Dismissal of Claim with Prejudice entered into in this action and attached hereto as **Exhibit "A"** (the "Agreement"). The Parties have agreed that the terms reflected in the Agreement are mutually satisfactory and represent full compensation, without compromise of the claim for which the Parties seek approval. The Court's approval and eventual entry of an order of dismissal with prejudice of Count 1 upon Plaintiff's receipt of payment under the Agreement, will consummate the Agreement between the Parties. The grounds for this joint motion are set forth as follows:

124482848.1

## FACTUAL BACKGROUND

1. Plaintiff filed his initial Complaint on July 3, 2020 [D.E. 1], in which he alleged in Count I that Defendant, along with HCA Health Services of Florida, violated the Fair Labor Standards Act (the "FLSA") by failing to pay overtime compensation for hours he worked in excess of 40 in a workweek during his employment as a Mental Health Technician at Lawnwood Medical Center.

2. In Counts II and III, Plaintiff brought related State-law claims for unjust enrichment and wrongful enrichment, respectively, invoking this Court's supplemental jurisdiction.

3. In Count IV of the Complaint, Plaintiff brought a cause of action for retaliatory discharge in violation of the FLSA.

4. Subsequently, HCA Health Services of Florida was dismissed from the lawsuit.

5. Defendant denied and continues to deny all liability as to Plaintiff's claims.

6. While Plaintiff maintains that he was discharged for complaining about being required to delete hours worked, he did not claim that he was required to delete hours daily, or even weekly, and did not allege that the increments of time he was required to delete amounted to hours at a time.

7. In fact, in the example Plaintiff mentioned in his Complaint, he alleged he was required to delete fifteen minutes of time worked past his scheduled shift. *See* D.E. 1 at ¶¶38-39.

8. Plaintiff claimed that this practice took place over about 14 months. *See id.* at ¶32. Over that time, Plaintiff alleges that between five and 8 hours of time were deleted from his pay in 15-30 minute increments. Again, Defendant vehemently denies this allegation, but agrees

to its inclusion in this joint motion only for purposes of showing that this resolution does not compromise Plaintiff's claims for wages or liquidated damages.

9. Plaintiff's final rate of pay was $23.90 per hour. His overtime rate was $35.85. Plaintiff did not allege that all hours deleted were overtime hours. However, even if all 8 of the maximum hours alleged to have been deleted were overtime hours, Plaintiff would be owed $286.80 for this claim. With potential liquidated damages, the maximum damages for this claim (which, again, would only be owed if all of the allegedly unpaid time were overtime) would be $573.60.

10. Defendant, on the other hand maintains that, during Plaintiff's employment he was paid all amounts owed. Defendant maintains that witnesses and documentary evidence would support this position.

11. Under the terms of the Settlement Agreement, Plaintiff will receive $300 for allegedly unpaid wages, and another $300 for claims for liquidated damages. These amounts are to be paid separate and apart from any attorneys' fees and costs to be received by Plaintiff's attorney.

12. Under the Agreement, Plaintiff's counsel will receive $2,000.00 for the time spent litigating Mr. Kepfer's claim for unpaid wages and liquidated damages. For purposes of settlement, Defendant does not dispute the reasonableness of this fee.

13. Prior to resolving the case, the Parties engaged in lengthy discussions regarding the case, propounded and responded to significant discovery, reviewed and analyzed discovery responses and prepared extensively for depositions.

14. Much of the work in this matter was directed toward Plaintiff's claim in Count IV, that his termination was retaliatory. The Parties do not seek approval or dismissal of that claim through this Motion.

15. All parties have been represented by experienced counsel throughout the litigation. Counsel for all parties represent that the settlement entered into by the Parties is without compromise as to all allegedly unpaid wages claimed by the Plaintiff.

16. The parties stipulate that they had a bona fide dispute under the FLSA and that they are resolving this matter at this stage in order to avoid the cost involved in litigating issues of liability, hours worked, liquidated damages, and willfulness, among other things. Moreover, the range of possible recovery, together with the complexity, expense, and length of future litigation also militate in favor of this settlement. The parties further stipulate that their settlement, as reflected in the Agreement for Mr. Kepfer, is an uncompromised dispute of his claim for unpaid wages and liquidated damages. The Parties and their undersigned counsel further represent that there was no collusion with regard to the settlement of this matter.

## **MEMORANDUM OF LAW**

Pursuant to the law of this Circuit, parties may seek judicial review and approval of a settlement of FLSA claims for back wages when there is a compromise of such claims. *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). Here, as there is no compromise of the claim for allegedly earned wages and liquidated damages thereon, the Court need not review or approve the resolution at all. *See id.* However, even if the Court does elect to review the uncompromised resolution for fairness, it is the Parties' position that it is fair, and should be approved. The Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section

> 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them … The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* at 1352-53.

Before approving a compromised FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the Parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Here, the Parties jointly submit there has been sufficient investigation and exchange of information and documents to allow counsel for Plaintiff and Defendant to evaluate the Parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Plaintiff's claim as set forth in their Agreement. After exchanging comprehensive information and records, researching claims and defenses, and engaging in further negotiations since then,

and in order to avoid the uncertainties and costs of discovery, dispositive motions and trial, the Parties agreed to a resolution which provides Plaintiff with more than 100% of the damages he alleges based on allegedly deleted time, and more than 100% of any alleged liquidated damages to which he alleges he is entitled.

Accordingly, in light of Defendant's agreement to pay the Plaintiff the sum of $600.00 in alleged unpaid overtime compensation and potential liquidated damages, plus attorneys' fees and costs, the Parties stipulate that their Agreement is fair and reasonable. Moreover, Plaintiff's attorneys' fees and costs were claimed by Plaintiff and his counsel separate and apart from the amounts sought by Plaintiff for his underlying claims, and were negotiated independently. As Judge Presnell explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a

> plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

The compromise agreed upon by the Parties resolves all of Plaintiff's claims for attorneys' fees in connection with Count I, and Plaintiff has no responsibility to his counsel for any out of pocket sums. In addition, and as set forth above, the fees in this matter are reasonable based on the work performed in reaching this resolution. Importantly, throughout the entirety of the litigation in this case, Plaintiff was represented by competent counsel, board certified in labor and employment law and Defendant also has been represented by experienced counsel over the course of more than five months. The Parties further advise the Court that their settlement herein includes every term and condition of the settlement between Plaintiff and Defendant as to Count I.

Counts II, III, and IV have been resolved by separate confidential agreement. Because the confidential settlement agreement resolves state law claims (Counts II and III) and a claim for retaliation (Count IV), that agreement is not subject to the approval requirements of *Lynn's Food,*. See *Thompson v. Dealer Mgmt. Servs., Inc.*, No. 616CV1468ORL40KRS, 2016 WL 7644856, at *1 (M.D. Fla. Dec. 13, 2016), *report and recommendation adopted,* No. 616CV1468ORL40KRS, 2017 WL 37941 (M.D. Fla. Jan. 4, 2017) ("*Lynn's Food* applies only to back wage claims brought under the FLSA. That is, it does not apply to state law claims… or FLSA retaliation claims."); *Hernandez v. Iron Container, LLC*, No. 13–22170–CIV, 2014 WL 633848, at *1–2 (S.D. Fla. Feb. 18, 2014) (collecting cases) (A settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of an FLSA back wage claim). As Magistrate Judge Goodman noted in *Hernandez*:

> Some courts in this circuit have noted that *Lynn's Food* requires only "compromises of FLSA back wage or liquidated damage claims" to be presented to the court. *Lynn's Food,* 679 F.2d at 1355; *Yost v. Wyndham Vacation Resorts, Inc.,* No. 6:10–CV1583–Orl–36GJK, 2012 WL 1165598, at *3 (M.D. Fla. Mar.26, 2012), *report and* recommendation adopted, No. 6:10–CV–1583–Orl–36GJK, 2012 WL 1165468 (M.D.Fla. Apr.9, 2012); *McQuillan v. H.W. Lochner, Inc.,* No. 6:12–CV–1586–ORL–36, 2013 WL 6184063, at *3 (M.D.Fla. Nov. 25, 2013). Thus, these courts reason that an FLSA retaliatory discharge claim that is settled along with a wage claim does not need to be reviewed for its fairness, "provided that its terms do not serve to contaminate the [settlement] Agreement as to the FLSA [wage] claim." *Yost,* 2012 WL 1165598, at *3; *McQuillan,* 2013 WL 6184063, at *3.
>
> Similarly, another court, not in this circuit, reached the same conclusion by examining the language of the FLSA. *Dorner v. Polsinelli, White, Vardeman & Shalton, P.C.,* 856 F.Supp. 1483 (D.Kan.1994). There, the court noted that § 216(c) requires the Department of Labor to supervise settlements of FLSA wage claims brought under § 216(b), but says nothing regarding supervision of FLSA retaliatory discharge claims, which are brought under § 215(a) (3). *Id.* at 1489.
>
> This circumstance caused the court to reason that the plain language of the FLSA and the omission of any reference to supervision of FLSA retaliatory discharge claims in § 216(c) (while specifically referencing FLSA wage claims) supports

7

the conclusion that no supervision of FLSA retaliatory discharge claims is required. *Id.*

The Court finds the rationales outlined in *Dorner, Yost,* and *McQuillan* persuasive and likewise finds that *Lynn's Food* and the FLSA do not compel the Court to approve the fairness of an FLSA retaliatory discharge settlement, *provided* that the terms of that settlement do not "contaminate" or affect the settlement of the FLSA wage claim.

*Hernandez*, at *1–2.

Here, there is no possibility that the resolution of the FLSA wage claim is 'contaminated' by the resolution of the retaliation and state law claims, because there is no dispute that Plaintiff is receiving over 100% of the damages he claimed with respect to the claim for back wages and liquidated damages thereupon. The bulk of Plaintiff's claim was the retaliation claim, which does not require approval. *See id.* As such, this uncompromised settlement of Count I may be approved, without review of the resolution of Counts II, III, and IV, as to which confidentiality is an important component negotiated separately and agreed to by the Parties.

As such, the Parties respectfully request that the Court approve this settlement and dismiss Count I with prejudice. The Parties will file a separate stipulation of dismissal with prejudice as to Counts II, III, and IV, which will conclude this matter in its entirety.

Dated this 25th day of January, 2021.

| | |
|---|---|
| **/s/ ANGELI MURTHY** | **/s/ JENNIDER YASKO** |
| Angeli Murthy, Esq., B.C.S. | Alexander D. Del Russo, Esq. |
| FL Bar No.: 887585 | FL Bar No.: 350273 |
| MORGAN & MORGAN, P.A. | Jennifer Yasko, Esq. |
| 8151 Peters Road | FL Bar No.: 109604 |
| Suite 4000 | CARLTON FIELDS, P.A. |
| Plantation, FL 33324 | CityPlace Tower |
| Tel: 954-807-7759 | 525 Okeechobee Blvd., Ste. 1200 |
| Fax: 954-807-7781 | West Palm Beach, Florida |
| E-mail: amurthy@forthepeople.com | Tel: (561) 659-7070 |
| *Counsel for Plaintiff* | Fax: (561) 569-7368 |
| | Email: adelrusso@carltonfields.com |
| | E-mail: jyasko@carltonfields.com |
| | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of January, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

**/s/ ANGELI MURTHY**
ANGELI MURTHY, ESQUIRE

124482848.1