# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND
## DISMISSAL OF CLAIM WITH PREJUDICE

This Settlement Agreement and Dismissal of Claim With Prejudice ("Agreement") is entered into by and between Plaintiff, **PERCY KEPFER** ("Plaintiff"), and Defendant, **LAWNWOOD MEDICAL CENTER, INC.** ("Defendant"), pertaining to Plaintiff's employment with Defendant.

WHEREAS, Plaintiff filed a lawsuit alleging claims against Defendant in the United States District Court, Southern District of Florida, Fort Pierce Division, Case No. 2:20-cv-14222-AMC (the "Lawsuit"), asserting unpaid overtime under the Fair Labor Standards Act ("FLSA") (Count I), unjust enrichment (Count II), wrongful enrichment (Count III), and retaliation under the FLSA (Count IV); and

WHEREAS, Defendant has denied any wrongdoing including violations of the Fair Labor Standards Act and this settlement does not constitute an admission by Defendant of any violation of any federal, state, or local law, statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendant to Plaintiff.

NOW, THEREFORE, in full consideration of the mutual promises and covenants contained in this Agreement and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the parties, Plaintiff and Defendant, agree as follows:

1.     For and in consideration of the promises outlined in Paragraph 2 of this Agreement, Plaintiff agrees as follows:

    A.  To settle and dismiss with prejudice Count I for unpaid overtime under the FLSA.

    B.  To agree and acknowledge that this settlement resolves a disputed claim and does not constitute an admission by Defendant of any violation of any federal, state, or local law, statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendant to Plaintiff;

    C.  That Plaintiff accepts the amounts set forth below with the understanding that it is compensation for unpaid regular and overtime wages he alleges that he is owed for the period of his employment with Defendant, including alleged liquidated damages; and

    D.  To file a joint motion for approval of this Settlement Agreement in the Lawsuit, and in that motion to seek dismissal with prejudice of Count I.

2.     For and in consideration of the promises made by Plaintiff in Paragraph 1 of this Agreement, Defendant agrees to pay Plaintiff the total consideration of Two Thousand Six Hundred Dollars ($2,600.00).

Under this Agreement, the payment shall be made as follows:

124468360.2                                             1

A. One check payable to PERCY KEPFER in the amount of Three Hundred Dollars ($300.00), for alleged wages owed, less applicable taxes and withholdings, and to be reported on an IRS Form W-2;

B. One check payable to PERCY KEPFER in the amount of Three Hundred Dollars ($300.00), for alleged liquidated damages owed, and to be reported on an IRS Form 1099 as "other income;" and

C. One check payable to MORGAN & MORGAN, P.A. in the amount of Two Thousand Dollars ($2,000.00), and to be reported on an IRS Form 1099.

*Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter.*

Defendant agrees that the payments described in Paragraph 2 will be delivered to Plaintiff's counsel, Angeli Murthy, Esquire, at 8151 Peters Road, 4th Floor, Plantation, FL 33324, such that payments are received within 30 days after the Court's approval of this Agreement, which approval shall be sought after Plaintiff returns an executed copy of this Agreement by email to Defendant's counsel Carlton Fields, P.A., Alexander D. del Russo at adelrusso@carltonfields.com, and Jennifer A. Yasko at jyasko@carltonfields.com.

3. In the event that Plaintiff or Defendant commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

4. Plaintiff acknowledges and agrees that with the payment of the amounts stated in Paragraph 2, he has been fully compensated, without compromise, for all wages and liquidated damages potentially owed to him under the FLSA, as well as all attorneys' fees incurred to date in connection with Count I of the Lawsuit, after being provided full and fair opportunity to review all relevant pay and time records. Defendant denies that any monies are owed to Plaintiff, and is offering this amount that Plaintiff considers full compensation for wages, liquidated damages, and attorneys' fees, solely to avoid the costs of litigation.

5. Plaintiff and Defendant agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

6. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendant. No cancellation, modification, amendment, deletion,

addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and the Defendant.

7.      Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties, provided however, that in the event that the provisions provided in Paragraph 1 herein are found to be invalid or unenforceable, the Parties agree to promptly execute valid and binding provisions of comparable scope. If any provision of this Settlement Agreement may be construed in two or more ways, one of which would render the provision invalid or otherwise voidable or unenforceable and another of which would render the provision valid and enforceable, such provision shall have the meaning which renders it valid and enforceable.

8.      This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

9.      The parties agree that this Agreement was entered into in the State of Florida, and shall be construed and enforced in accordance with the laws of the State of Florida. In the event that any party is forced to institute legal proceedings for breach of the terms of this Agreement, it is specifically understood and agreed that any such legal proceeding must be brought exclusively in the federal or state courts servicing Florida. This Agreement may be introduced into evidence to establish and enforce the settlement reached by the parties, and the parties agree that this Agreement shall be submitted for Court approval.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily execute this Agreement:

DATE: 1/24/21                Signature:

_____

**PERCY KEPFER**

DATE: 1/22/21               Signature:

_____

**LAWNWOOD MEDICAL CENTER, INC.**
By: John M. Franck II
Its: Vice President and Assistant Secretary